

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

*PHILIP R. SELLINGER*
*United States Attorney*

*JOSEPH MCFARLANE*
*Assistant United States Attorney*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    (856) 757-5026*
*401 Market Street, 4th Floor                  Fax: (856) 968-4917*
*Post Office Box 2098                 Direct Dial: (856) 968-4863*
*Camden NJ  08101*

June 17, 2024

Maggie Moy, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
800-840 Cooper Street, Suite 350
Camden, New Jersey 08102

      Re:    <u>Plea Agreement with Peter Krill, No. 24-cr-330 (ESK)</u>

Dear Ms. Moy:

      This letter sets forth the plea agreement between your client, Peter Krill, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on July 20, 2024, if it is not accepted in writing by that date. If Peter Krill does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Peter Krill to Count One of the Indictment, which charges Peter Krill with possession of ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). If Peter Krill enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Peter Krill for possessing the firearms and ammunition that were found during the search of his residence on December 15, 2022. In addition, if Peter Krill fully complies with this agreement, at sentencing, this Office will move to dismiss Count Two of the Indictment, 24-cr-330, provided that Peter Krill admits under oath at the time of his guilty plea to engaging in the criminal conduct outlined in Count Two of the Indictment, which the parties agree should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and

initiate any other charges against Peter Krill even if the applicable statute of limitations period for those charges expires after Peter Krill signs this agreement, and Peter Krill agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g) to which Peter Krill agrees to plead guilty carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Peter Krill is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Peter Krill ultimately will receive.

Further, in addition to imposing any other penalty on Peter Krill, the sentencing judge as part of the sentence:

(1) will order Peter Krill to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Peter Krill to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and

(3) must order the forfeiture of the firearms and ammunition listed under the "Forfeiture" heading below, pursuant to 18 U.S.C. § 924(d)(1);

(4) pursuant to 18 U.S.C. § 3583, may require Peter Krill to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Peter Krill be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Peter Krill may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release

supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Peter Krill's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), Peter Krill agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized on or about December 15, 2022:

a) a black 9mm privately manufactured firearm bearing no identifiable serial number on the frame or receiver, the frame of which was marked "Model PF940V2, Polymer80 Inc., Made in USA, Dayton, NV;" and a slide bearing the manufacturer marking of Glock 17 Austria, 9x19, with serial number BHMT889, and loaded with 32 rounds of 9 mm caliber ammunition;

b) a black 9mm privately manufactured firearm bearing no identifiable serial numbers on the frame or slide, the frame of which was marked "Model PF940V2, Polymer80 Inc., Made in USA, Dayton, NV;"

c) two black 9 mm privately manufactured firearms bearing no identifiable serial number on the frame or slide, the frames of which were marked "Model PF940C, Polymer80 Inc., Made in USA, Dayton, NV;"

d) a tan and black .40 caliber semi-automatic privately manufactured firearm bearing no identifiable serial number on the frame or receiver, the frame of which was marked "Model PF940V2, Polymer80 Inc., Made in USA, Dayton, NV," with a slide bearing the manufacturer marking of "Glock 22, USA, .40" and serial number AANU691, and loaded with 15 rounds of .40 caliber ammunition;

e) a black 9 mm semi-automatic privately manufactured firearm, bearing no identifiable serial number on the frame or receiver and a marking of A167203 on the inside of the slide, the frame of which was marked "Newington, NH, USA," and loaded with 16 rounds of 9 mm ammunition;

f) a black 5.56 privately manufactured semi-automatic rifle bearing no identifiable serial number on the frame or receiver, with "DTI" stamped on the rail system around the barrel, and loaded with a drum magazine loaded with 52 rounds of 5.56 caliber ammunition;

g) a blue, black, and yellow .45 caliber privately manufactured semi-automatic firearm bearing no identifiable serial number on the frame or receiver;

h) ten boxes of ammunition, totaling approximately 5,116 rounds, including the following calibers and types: 40 caliber, 5.56 rifle rounds, .45 caliber, 9mm, .38 Special, and 2.23 rifle rounds; and

i) nine loaded pistol magazines containing approximately 131 rounds, including .40 caliber and 9mm rounds.

(collectively, the "Specific Property").

Peter Krill acknowledges that the Specific Property is subject to forfeiture as firearms and ammunition involved in or used in the violation of 18 U.S.C. § 922(g) charged in Count One of the Indictment.

Peter Krill waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Peter Krill consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Peter Krill understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Peter Krill of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Peter Krill further understands that Peter Krill has no right to demand that any forfeiture of Peter Krill's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Peter Krill waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Peter Krill also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. Peter Krill agrees that Peter Krill will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Peter Krill has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Peter Krill further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Peter Krill further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Peter Krill's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Peter Krill by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Peter Krill's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Peter Krill will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Peter Krill waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Peter Krill understands that, if Peter Krill is not a citizen of the United States, Peter Krill's guilty plea to the charged offense will likely result in Peter Krill

being subject to immigration proceedings and removed from the United States by making Peter Krill deportable, excludable, or inadmissible, or ending Peter Krill's naturalization. Peter Krill understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Peter Krill wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will Peter Krill's removal from the United States. Peter Krill understands that Peter Krill is bound by this guilty plea regardless of any immigration consequences. Accordingly, Peter Krill waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Peter Krill also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Peter Krill. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Peter Krill from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

(CONTINUED ON NEXT PAGE)

No Other Promises

This agreement constitutes the entire plea agreement Peter Krill and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:   *Joseph McFarlane*

Joseph McFarlane
Assistant U.S. Attorney

APPROVED:

SARA A. ALIABADI
Deputy Attorney-in-Charge, Camden

I have received this letter from my attorney, Maggie Moy, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 7/2/24
Peter Krill

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 7.2.2024
Maggie Moy, Esq.
Counsel for Defendant

- 8 -

## Plea Agreement With Peter Krill

## Schedule A

1. This Office and Peter Krill ("the defendant") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023, applies in this case.

3. The applicable guideline is U.S.S.G. § 2K2.1. Because the defendant possessed at least one semiautomatic firearm that is capable of accepting a large capacity magazine, the base offense level will be at least 20. U.S.S.G. § 2K2.1(a)(4)(B). The base offense level will increase to 22 if the Court determines that the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(3).

4. A four-level increase to the offense level applies because the offense involved eight firearms. U.S.S.G. § 2K2.1(b)(1)(B).

5. As of the date of this letter, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if the defendant's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in the defendant's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) the defendant enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that the defendant's acceptance of responsibility has continued through the date of sentencing and the defendant therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) the defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level will be:

     a. 23, if the Court determines that the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense; or

     b. 21, if the Court determines that the defendant did not commit any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense.

  8. If the term of imprisonment does not exceed 63 months, and except as specified in the next paragraph below, the defendant will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 41 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

  9. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

   (a) Any proceeding to revoke the term of supervised release.

   (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

   (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).